## UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MEGAN LITTLE, as Special Administrator of the Estate of EARL LITTLE, Deceased, | ) ) ) |
| Plaintiff, | ) Case No.: ) ) |
| v. | ) ) |
| WARDEN SCOTT THOMPSON, Acting Warden, Pinckneyville Correctional Center, | ) ) ) ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, Megan Little, as Special Administrator of the Estate of Earl Little, Deceased, by and through her attorney, David S. Lipschultz, and complaining against Defendant, Warden Scott Thompson, Acting Warden of Pinckneyville Correctional Center, states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution and 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871) to redress deprivations of the civil rights of the Plaintiff, deprivations accomplished by acts and/or omissions of the Defendant and committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

### PARTIES

4. Earl Little, deceased, was a 33-year-old gentleman from Rushville, then Quincy,

Illinois. At all times relevant to this complaint, Mr. Little was a prisoner of the State of Illinois, housed by the Illinois Department of Corrections ("IDOC") at Pinckneyville Correctional Center ("Pinckneyville"), an IDOC facility.

5. Megan Little is Mr. Little's ex-wife and the father of his children. She is serving as the special administrator of Mr. Little's estate ("Estate").

6. At all times relevant to his involvement in this case, Defendant Scott Thompson ("Warden Thompson") was the Warden of Pinckneyville and an employee of the IDOC. Defendant Thompson was responsible for the implementation, administration, operation and oversight of Pinckneyville. Warden Thompson was also responsible for the implementation, administration, operation and oversight of the policies and practices at Pinckneyville. Defendant Thompson is sued in his individual capacity. At all times relevant to the events at issue in this case, Defendant Thompson was acting under color of law and within the scope of his employment.

## ALLEGATIONS

7. On July 6, 2018, Mr. Little was incarcerated at Pinckneyville.

8. Yet Mr. Little was not just a convicted felon. Despite two brief periods of his life when he committed criminal acts, his legacy also includes Mr. Little being remembered for having served in the United States Air Force, and the devoted father of two young children.

9. Unlike the majority of other inmates, Mr. Little was denied his constitutional right to be protected from violence at the hands of other prisoners.

10. Warden Thompson and his staff failed to protect Mr. Little from another inmate, Daniel Mueller, a convicted murderer with a prior history of extreme violence.

11. On and before July 6, 2018, Warden Thompson and his staff had prior notice,

information and knowledge that Mr. Mueller was an extremely dangerous and unpredictable individual who posed a high level of risk and danger to his fellow inmates.

12. Despite their notice, information and knowledge of the risk Mr. Mueller posed to others — and in violation of prevailing policies, practices, and standards — Warden Thompson and his staff failed to properly implement screening and classification procedures designed to identify and protect inmates such as Mr. Little from Mr. Mueller.

13. Instead, Warden Thompson and his staff ignored Mr. Little's vulnerability to Mr. Mueller by placing Mr. Little in the very same housing cell as Mr. Mueller.

14. On July 6, 2018, Mr. Mueller strangled Mr. Little to death. Mr. Little's death was preventable.

## COUNT I
## FAILURE TO PROTECT IN VIOLATION OF THE
## EIGHTH AMENDMENT PURSUANT TO 42 U.S.C. §1983

15. Plaintiff re-alleges Paragraphs 1 through 14 as if fully set forth herein.

16. Pursuant to settled United States Supreme Court authority, and in accordance with the Eighth Amendment, Plaintiff is entitled to be free from a known and unreasonable risk of serious harm while in the custody of the State.

17. In violation of Plaintiff's Eighth Amendment rights, Warden Thompson, knew and consciously disregarded the substantial risk that Plaintiff would be injured by Mr. Mueller while in custody at Pinckneyville. Warden Thompson failed to employ adequate classification and screening procedures for assigning inmates to cells, despite the significant and obvious risk of serious harm that Mr. Mueller would subject Mr. Little.

18. In this manner, Mr. Little was unlawfully subjected to an unreasonable risk of serious harm. The resulting harm caused Mr. Little's suffering and death.

WHEREFORE, the Plaintiff, Megan Little, as Special Administrator of the Estate of Earl Little, deceased, prays that judgment be entered against Defendant awarding damages for loss of life, conscious pain and suffering, additional compensatory damages, punitive damages, reasonable attorney fees and costs, and such further relief as this Court deems just.

## COUNT II
## ILLINOIS WRONGFUL DEATH ACT

19. Plaintiff re-alleges Paragraphs 1 through 14 as if fully set forth herein.

20. Pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, *et seq.*, Plaintiff brings this action for the next of kin of Earl Little to recover for the losses suffered as a result of the death of Earl Little.

21. The actions of Warden Thompson were the direct and proximate cause of the death of Earl Little.

22. As a direct and proximate result of the aforementioned acts of Warden Thompson, the next of kin of Earl Little suffered great losses of a personal and pecuniary nature, including, but not limited to, the loss of society, companionship, and support of the decedent, as well as grief, sorrow and mental suffering, subjecting the Defendant to liability pursuant to the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiff, Megan Little, as Special Administrator of the Estate of Earl Little, deceased, prays that judgment be entered against Defendant in an amount necessary to fully and fairly compensate the next of kin of Earl Little for their losses under the terms of the Wrongful Death Act, plus costs.

## COUNT III
## ILLINOIS SURVIVAL STATUTE

23. Plaintiff re-alleges Paragraphs 1 through 14 as if fully set forth herein.

24. As a direct and proximate result of the aforementioned acts of Warden Thompson, Plaintiff's decedent, Earl Little, did suffer serious injuries of a personal and pecuniary nature, including but not limited to the pain and suffering he experienced as he was dying from the wounds resulting from the actions and inactions of Defendant, subjecting Defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, the Plaintiff, Megan Little, as Special Administrator of the Estate of Earl Little, deceased, prays that judgment be entered against Defendant in an amount necessary to fully and fairly compensate the Estate for all losses compensable under the terms of the Illinois Survival Statute, plus costs.

## COUNT IV
## ILLINOIS FAMILY EXPENSE ACT

25. Plaintiff re-alleges Paragraphs 1 through 14 as if fully set forth herein.

26. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff's decedent, Earl Little, and his Estate sustained losses in the form of funeral and burial expenses.

WHEREFORE, the Plaintiff, Megan Little, as Special Administrator of the Estate of Earl Little, deceased, prays that judgment be entered against Defendant in an amount necessary to fully and fairly compensate the Estate for all losses compensable under the terms of the Illinois Family Expense Act, plus costs.

## JURY DEMAND

The Plaintiff requests a trial by jury.

                Respectfully submitted,

                MEGAN LITTLE, AS SPECIAL
                ADMINISTRATOR OF THE ESTATE OF
                EARL LITTLE, DECEASED


                /s/   *David S. Lipschultz*
                David S. Lipschultz

David S. Lipschultz
Atty. No. 6277910
Law Offices of David S. Lipschultz
200 S. Michigan Avenue, Suite 201
Chicago, Illinois  60604
Telephone: 312-414-1778
David@dsllawoffice.com