**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MEGAN LITTLE, Special Administrator of the Estate of Earl Little, )))<br>Plaintiff, )<br>vs. )<br>)<br>WARDEN SCOTT THOMPSON, )<br>)<br>Defendant. ) | Case No. 18-1700-MJR-SCW |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, SCOTT THOMPSON, by and through his attorney, Lisa Madigan, Attorney General for the State of Illinois, provides the following answer and asserts the following affirmative defenses to Plaintiff's Complaint (doc. 1):

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the United States Constitution and 42 U.S.C. §1983 and §1988 (the Civil Rights Act of 1871) to redress deprivations of the civil rights of the Plaintiff, deprivations accomplished by acts and/or omissions of the Defendant and committed under color of law.

**RESPONSE: Defendant admits Plaintiff brings her Eighth Amendment claim pursuant to 42 U.S.C. §§ 1983, 1988.**

**Defendant denies violating Plaintiff's or Earl Little's Eighth Amendment rights and denies the remaining allegations in Paragraph 1.**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1343, §1331 and §1367.

**RESPONSE: Defendant admits the Court has jurisdiction over Plaintiff's or Earl Little's Eighth Amendment claim.**

**Defendant denies the Court has jurisdiction over Plaintiff's state law claims (Counts II, III, and IV) and has separately moved to dismiss these claims.**

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this judicial district.

**RESPONSE: Defendant admits venue is proper for Plaintiff's or Earl Little's Eighth Amendment claim.**

**Defendant denies the Court has jurisdiction or venue over Plaintiff's state law claims (Counts II, III, and IV) and has separately moved to dismiss these claims. Defendant denies the remaining allegations in Paragraph 3.**

### PARTIES

4. Earl Little, deceased, was a 33-year-old gentleman from Rushville, then Quincy, Illinois. At all times relevant to this complaint, Mr. Little was a prisoner of the State of Illinois, housed by the Illinois Department of Corrections ("IDOC") at Pinckneyville Correctional Center ("Pinckneyville"), an IDOC facility.

**RESPONSE: Defendant admits Earl Little was an inmate of the Illinois Department of Corrections and housed at Pinckneyville Correctional Center from May 9, 2018, to July 6, 2018.**

**Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 4.**

5. Megan Little is Mr. Little's ex-wife and the father of his children. She is serving as the special administrator of Mr. Little's estate ("Estate").

**RESPONSE: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.**

6. At all times relevant to his involvement in this case, Defendant Scott Thompson ("Warden Thompson") was the Warden of Pinckneyville and an employee of the IDOC. Defendant Thompson was responsible for the implementation, administration, operation and oversight of Pinckneyville. Warden Thompson was also responsible for the implementation, administration, operation and oversight of the policies and practices at Pinckneyville. Defendant Thompson is sued in his individual capacity. At all times relevant to the events at issue in this case, Defendant Thompson was acting under color of law and within the scope of his employment.

**RESPONSE: Defendant admits he is employed by the Illinois Department of Corrections and has been serving as the Acting Warden of Pinckneyville Correctional Center from June 18, 2018, to present. Defendant admits he has been sued in his individual capacity, admits he acts under color of law state law in the course of his employment with the Illinois Department of Corrections while completing his job duties, and admits he acts within the scope of his employment by the Illinois Department of Corrections while completing his job duties. Defendant admits as Acting Warden, he generally oversees the implementation, administration, operation, and oversight of policies and practices at Pinckneyville Correctional Center.**

**Defendant denies he is the sole individual responsible for oversight of the implementation, administration, operation, and oversight of policies and practices at Pinckneyville Correctional Center. Defendant denies the remaining allegations in Paragraph 6.**

### ALLEGATIONS

7. On July 6, 2018, Mr. Little was incarcerated at Pinckneyville.

**RESPONSE: Defendant admits the allegations in Paragraph 7.**

8. Yet Mr. Little was not just a convicted felon. Despite two brief periods of his life when he committed criminal acts, his legacy also includes Mr. Little being remembered for having served in the United States Air Force, and the devoted father of two young children.

**RESPONSE: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.**

9. Unlike the majority of other inmates, Mr. Little was denied his constitutional right to be protected from violence at the hands of other prisoners.

**RESPONSE: Defendant denies violating Plaintiff's or Earl Little's constitutional rights, denies the implied allegations that some inmates' constitutional rights are violated, and denies the remaining allegations in Paragraph 9.**

10. Warden Thompson and his staff failed to protect Mr. Little from another inmate, Daniel Mueller, a convicted murderer with a prior history of extreme violence.

**RESPONSE: Defendant denies violating Plaintiff's or Earl Little's constitutional rights and denies the remaining allegations in Paragraph 10.**

11. On and before July 6, 2018, Warden Thompson and his staff had prior notice, information and knowledge that Mr. Mueller was an extremely dangerous and unpredictable individual who posed a high level of risk and danger to his fellow inmates.

**RESPONSE: Defendant denies the allegations in Paragraph 11.**

12. Despite their notice, information and knowledge of the risk Mr. Mueller posed to others — and in violation of prevailing policies, practices, and standards — Warden Thompson and his staff failed to properly implement screening and classification procedures designed to identify and protect inmates such as Mr. Little from Mr. Mueller.

**RESPONSE: Defendant denies the allegations in Paragraph 12.**

13. Instead, Warden Thompson and his staff ignored Mr. Little's vulnerability to Mr. Mueller by placing Mr. Little in the very same housing cell as Mr. Mueller.

**RESPONSE: Defendant denies the allegations in Paragraph 13.**

14. On July 6, 2018, Mr. Mueller strangled Mr. Little to death. Mr. Little's death was preventable.

**RESPONSE: Defendant admits Earl Little died on July 6, 2018. Defendant lacks knowledge or information sufficient to form a belief about the truth of how Earl Little died.**

**Defendant denies the remaining allegations in Paragraph 14.**

## COUNT I
## FAILURE TO PROTECT IN VIOLATION OF THE
## EIGHTH AMENDMENT PURSUANT TO 42 U.S.C. §1983

15. Plaintiff re-alleges Paragraphs 1 through 14 as if fully set forth herein.

**RESPONSE: Defendant re-states his responses to Paragraphs 1 through 14.**

16. Pursuant to settled United States Supreme Court authority, and in accordance with the Eighth Amendment, Plaintiff is entitled to be free from a known and unreasonable risk of serious harm while in the custody of the State.

**RESPONSE: Defendant admits Earl Little had certain rights under the Eighth Amendment to the United States Constitution. Defendant denies Plaintiff has fully and accurately described the law.**

**Defendant denies violating Plaintiff's or Earl Little's rights under the Eighth Amendment to the United States Constitution, and denies the remaining allegations in Paragraph 16.**

17. In violation of Plaintiff's Eighth Amendment rights, Warden Thompson, knew and consciously disregarded the substantial risk that Plaintiff would be injured by Mr. Mueller while in custody at Pinckneyville. Warden Thompson failed to employ adequate classification and screening procedures for assigning inmates to cells, despite the significant and obvious risk of serious harm that Mr. Mueller would subject Mr. Little.

**RESPONSE: Defendant denies the allegations in Paragraph 17.**

18. In this manner, Mr. Little was unlawfully subjected to an unreasonable risk of serious harm. The resulting harm caused Mr. Little's suffering and death.

**RESPONSE: Defendant denies the allegations in Paragraph 18.**

WHEREFORE, the Plaintiff, Megan Little, as Special Administrator of the Estate of Earl Little, deceased, prays that judgment be entered against Defendant awarding damages for loss of life, conscious pain and suffering, additional compensatory damages, punitive damages, reasonable attorney fees and costs, and such further relief as this Court deems just.

**RESPONSE: Defendant denies Plaintiff is entitled to any relief whatsoever.**

## COUNT II
## ILLINOIS WRONGFUL DEATH ACT

19. Plaintiff re-alleges Paragraphs 1 through 14 as if fully set forth herein.

20. Pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, *et seq.*, Plaintiff brings this action for the next of kin of Earl Little to recover for the losses suffered as a result of the death of Earl Little.

21. The actions of Warden Thompson were the direct and proximate cause of the death of Earl Little.

22. As a direct and proximate result of the aforementioned acts of Warden Thompson, the next of kin of Earl Little suffered great losses of a personal and pecuniary nature, including, but not limited to, the loss of society, companionship, and support of the decedent, as well as grief, sorrow and mental suffering, subjecting the Defendant to liability pursuant to the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiff, Megan Little, as Special Administrator of the Estate of Earl Little, deceased, prays that judgment be entered against Defendant in an amount necessary to fully and fairly compensate the next of kin of Earl Little for their losses under the terms of the Wrongful Death Act, plus costs.

**RESPONSE TO COUNT II: Defendant has separately moved to dismiss Counts II, III, and**

**IV of Plaintiff's Complaint. Accordingly, Defendant requests that any further responsive pleading to these Counts be stayed until the Court rules on Defendant's Motion.**

## COUNT III
## ILLINOIS SURVIVAL STATUTE

23. Plaintiff re-alleges Paragraphs 1 through 14 as if fully set forth herein.

24. As a direct and proximate result of the aforementioned acts of Warden Thompson, Plaintiff's decedent, Earl Little, did suffer serious injuries of a personal and pecuniary nature, including but not limited to the pain and suffering he experienced as he was dying from the wounds resulting from the actions and inactions of Defendant, subjecting Defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

WHEREFORE, the Plaintiff, Megan Little, as Special Administrator of the Estate of Earl Little, deceased, prays that judgment be entered against Defendant in an amount necessary to fully and fairly compensate the Estate for all losses compensable under the terms of the Illinois Survival Statute, plus costs.

**RESPONSE TO COUNT III: Defendant has separately moved to dismiss Counts II, III, and IV of Plaintiff's Complaint. Accordingly, Defendant requests that any further responsive pleading to these Counts be stayed until the Court rules on Defendant's Motion.**

## COUNT IV
## ILLINOIS FAMILY EXPENSE ACT

25. Plaintiff re-alleges Paragraphs 1 through 14 as if fully set forth herein.

26. As a direct and proximate result of the aforementioned acts of Defendant, Plaintiff's decedent, Earl Little, and his Estate sustained losses in the form of funeral and burial expenses.

WHEREFORE, the Plaintiff, Megan Little, as Special Administrator of the Estate of Earl Little, deceased, prays that judgment be entered against Defendant in an amount necessary to fully and fairly compensate the Estate for all losses compensable under the terms of the Illinois Family Expense Act, plus costs.

**RESPONSE TO COUNT IV: Defendant has separately moved to dismiss Counts II, III, and IV of Plaintiff's Complaint. Accordingly, Defendant requests that any further responsive pleading to these Counts be stayed until the Court rules on Defendant's Motion.**

## JURY DEMAND

**Defendant demands a trial by jury.**

## AFFIRMATIVE DEFENSES

1. **Qualified Immunity**

At all times relevant herein, Defendant acted in good faith in the performance of his official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is, therefore, protected from suit by the doctrine of qualified immunity.

2. **Public Official Immunity**

Defendant was performing official discretionary duties in good faith and as such is entitled

to Public Official Immunity from individual liability. *People ex. Rel. Scott v. Briceland*, 65 Ill.2d 485 (1977); *Larson v. Darnell*, 113 Ill.App.3d 975 (1983).

### 3. State Sovereign Immunity

At all times relevant herein, Defendant was acting within the scope of his employment with the Illinois Department of Corrections. Accordingly, any state tort claims against Defendant are barred by the immunity provided in the State Lawsuit Immunity Act, 745 ILCS 5.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests this honorable Court dismiss Plaintiff's Complaint and deny Plaintiff any relief whatsoever.

                                                          Respectfully submitted,

                                                          SCOTT THOMPSON,

                                                          Defendant,

Jeremy C. Tyrrell, #6321649
Assistant Attorney General            LISA MADIGAN, Illinois Attorney General,
500 South Second Street
Springfield, Illinois 62701             Attorney for Defendants,
(217) 782-5819 Phone
(217) 524-5091 Fax                   By: s/Jeremy C. Tyrrell
E-mail: jtyrrell@atg.state.il.us            Jeremy C. Tyrrell
                                                          Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MEGAN LITTLE, Special Administrator of the Estate of Earl Little, ) ) ) Plaintiff, ) vs. ) WARDEN SCOTT THOMPSON, ) ) Defendants. ) | Case No. 18-1700-MJR-SCW |

### CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2018, the foregoing document, *Answer and Affirmative Defenses*, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    David S. Lipschultz    David@dsllawoffice.com

    Respectfully submitted,

    s/Jeremy C. Tyrrell
    Jeremy C. Tyrrell, #6321649
    Assistant Attorney General
    500 South Second Street
    Springfield, Illinois  62701
    (217) 782-5819 Phone
    (217) 524-5091 Fax
    E-Mail:  jtyrrell@atg.state.il.us