IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Megan Litle, Special Administrator of the Estate of Earl Little, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-1700-SMY-MAB |
| Scott Thompson, | ) ) | |
| Defendant. | ) | |

## MOTION FOR PROTECTIVE ORDER

Defendant, Scott Thompson, by and through his attorney, Kwame Raoul, Attorney General for the State of Illinois, pursuant to Federal Rule of Civil Procedure 26(c), moves for the entry of a protective order concerning documents previously produced in discovery:

1. Plaintiff filed this lawsuit following the death of Earl Little on July 16, 2018, at Pinckneyville Correctional Center. (Doc. 1.)

2. Following discovery, it was agreed that this action brought against Scott Thompson, then acting Warden of Pinckneyville Correctional Center, would be dismissed.

3. After it was discovered that Earl Little had died at Pinckneyville Correctional Center, the Illinois Department of Corrections initiated an investigation into the circumstances of Mr. Little's death.

4. The undersigned recently contacted an investigator with the Illinois Department of Corrections who had access to the investigation records and the undersigned was informed, as of November 21, 2019, the investigation into the death of Mr. Little was still ongoing.

5. During discovery, the parties agreed Defendant would produce certain documents maintained by the Illinois Department of Corrections which concerned the circumstances of the death of Mr. Little, subject to an attorney's eyes only protective order.

1

6. Due to scheduling of depositions and to efficiently conduct discovery, Defendant agreed to produce these documents before the protective order was entered based on the parties' agreement.

7. Due to an inadvertent oversight, Defendant never moved for the entry of the protective order during the pendency of this matter.

8. Before this oversight came to the undersigned's attention, it was agreed that this matter would be dismissed.

9. Despite this oversight, the undersigned understands that the parties have maintained the confidentiality of these documents.

10. The undersigned contacted legal counsel for the Illinois Department of Corrections who informed the undersigned that production of the attorney's eyes only document could threaten the Department's ongoing investigation into the death of Mr. Little.

11. Given that these documents concern the circumstances of a death of an offender in the Illinois Department of Corrections and relate to an ongoing investigation into the circumstances of this death, good cause exists for the Court to enter a protective order concerning this limited subset of documents.[1]

12. The undersigned contacted Plaintiff's counsel concerning this request and he indicated Plaintiff does not object to the Court entering the proposed protective order.

---

[1] To the extent the Court is concerned it does not have authority to enter this protective order, the undersigned has located one case where a protective was entered after the case was closed. In *In re Estate of Martin Luther King, Jr., Inc.*, the parties filed certain documents with the court under seal subject to a stipulated protective order, which was never filed. *In re Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002). After judgment was entered and case was closed, in the process of transferring case records from the district court to a Federal Records Center, the National Archives and Records Administration and district court determined multiple documents were filed under seal without a protective order thus requiring the Administration to maintain the records permanently. *Id.* at 1359. Following a show cause order concerning why the documents were filed under seal without a protective order, the district court entered a protective order to govern keeping some of the documents under seal permanently. *Id.* at 1367-68.

13. Pursuant to Local Rule 15.1, a copy of the proposed protective order has been emailed to Magistrate Judge Beatty's proposed document email address with Plaintiff's counsel copied on the email.

Wherefore, Defendant respectfully request this honorable Court grant his Motion and enter the proposed protective order.

                                        Respectfully submitted,

                                        Scott Thompson

                                        Defendant,

Jeremy C. Tyrrell, #6321649        Kwame Raoul, Illinois Attorney General,
Assistant Attorney General
500 South Second Street             Attorney for Defendant,
Springfield, Illinois  62701
(217) 785-4555 Phone               By:   s/Jeremy C. Tyrrell
(217) 524-5091 Fax                    Jeremy C. Tyrrell
Email: jtyrrell@atg.state.il.us         Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Megan Litle, Special Administrator of the Estate of Earl Little, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-1700-SMY-MAB |
| Scott Thompson, | ) ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2019, the foregoing document, *Motion for Protective Order*, was electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notice of same to all counsel of record.

  s/ Jeremy C. Tyrrell
Jeremy C. Tyrrell #6321649
Assistant Attorney General

4